**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


M.C. WHITLEY,

      Petitioner,                              Case No. 08-CV-14172
                                                  Honorable Denise Page Hood

v.

HUGH WOLFENBARGER,

      Respondent.
_____/


**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**AND DENYING CERTIFICATE OF APPEALABILITY**


**I.      INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and

Recommendation, dated August 12, 2010 [Doc. No. 16].  Objections were filed on August 31,

2010.

On July 22, 2005, Petitioner M.C. Whitley was convicted by a jury in the Monroe County

Circuit Court, State of Michigan, of second-degree murder, MICH. COMP. LAWS § 750.317.

On September 8, 2005, Petitioner was sentenced to a term of imprisonment of 40-65 years.  After

the trial, Petitioner appealed as of right to the Michigan Court of Appeals.  The Court of Appeals

affirmed Petitioner's conviction and sentence. *See People v. Whitley*, No. 265482, 2007 WL

600759 (Mich. Ct. App. Feb. 27, 2007) (per curiam).  The Michigan Supreme Court denied

Petitioner's application for leave to appeal in a standard order. *See People v. Whitley*, 488 Mich.

888 (2008).  Petitioner, proceeding pro se, filed the instant application for a writ of habeas

corpus on September 29, 2008, raising seven claims. Respondent filed an Answer on February 13, 2009, in which Respondent contends that all of Petitioner's claims are without merit.

## II.   APPLICABLE LAW & ANALYSIS

### A.   Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must file objections to the Report and Recommendation within fourteen days of service of the Report and Recommendation. Fed. R. Civ. P 72 (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Petitioner filed specific objections to the Report and Recommendation only as it relates to the right to a fair trial claim and the insufficient evidence claim. Petitioner's objections are without merit, and the Court accepts the Magistrate Judge's Report and Recommendation.

### B.   Report and Recommendation

#### 1.   Right to a Fair Trial

The Magistrate Judge recommended that the Court conclude that Petitioner is not entitled to habeas relief on the right to a fair trial claim, based upon inadmissible bad acts testimony and

prosecutorial misconduct in the form of improper bolstering and improper questioning, because the incidents in question did not undermine the fundamental fairness of the trial.  The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the right to a fair trial claim due to inadmissible bad acts evidence because the fact finder had the opportunity to weigh the bad acts evidence.  The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the right to a fair trial claim caused by improper bolstering because the comment in question made by the prosecution makes a general inference, and not an objectionable argument.  The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the right to a fair trial claim on the grounds of improper questioning because the incident at issue only concerned one line of questioning, which the trial judge immediately took steps to correct.  The misconduct did not result in a denial of fundamental fairness so as to violate due process.  Habeas relief on the right to a fair trial claim is denied.

### 2.  Insufficient Evidence

Petitioner's claim of insufficient evidence rests on an attack of witness credibility as he contends that there was no evidence to convict him of second degree murder beyond the testimony of two witnesses.  The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the insufficient evidence claim because a trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The reviewing court does not reweigh the evidence or redetermine the credibility of witnesses whose demeanor has been observed by the finder of fact. *United States v. Owusu,* 199 F.3d 329, 344 (6th Cir. 2000).  Petitioner's request for habeas relief on the insufficient evidence claim is denied.

### 3.  Remaining Claims

Petitioner made no specific objection to the Magistrate Judge's recommendation concerning the sentencing claim, the lack of notice claim, or the ineffective assistance of counsel claim.   On these claims, the Court finds that the Magistrate Judge reached the correct conclusions for the proper reasons.   The Court adopts the recommendations of the Magistrate Judge denying Petitioner's request for habeas relief based upon the aforementioned claims. Petitioner's request for habeas relief on the remaining claims is denied.

### 4.        Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B).   A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).   In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072) (a district judge who has just denied a habeas petition has knowledge of both the record and the relevant law and is often best able to determine whether to issue the COA).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the

4

constitutional claim debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* At 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.

Here, the Court concludes that jurists of reason would not find the Court's assessment of the constitutional claim debatable or wrong.  The Court declines to issue Petitioner a certificate of appealability.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' August 12, 2010 Report and Recommendation [**No. 16**, **8/12/2010**] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated:  March 16, 2011

5

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 16, 2011, by electronic and/or ordinary mail to M.C. Whitley #247537, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI  48048.

s/Felicia Moses for LaShawn R. Saulsberry<br>Case Manager, (313) 234-5165